UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**EDWARD JAMAL ADAMS**,<br><br>Defendant. | Criminal No. 08-113-M |

**DETENTION MEMORANDUM**

The Defendant, Edward Jamal Adams, has been charged by complaint with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). The government requested a detention hearing, which was held on February 22, 2008. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the hearing, Officer Gregory Godwin of the Metropolitan Police Department testified for the Government. Officer Godwin testified that at approximately 4:40 p.m. on February 16, 2008, he and another law enforcement officer stopped a vehicle driven by the Defendant for committing a traffic violation at the 400 block of H Street NW, Washington, D.C. Officer Godwin stopped the vehicle at the 700 block of 4th Street NW and proceeded to perform a search of the Defendant. In this search, Officer Godwin found a clear bag in the Defendant's left sock

containing a substance which later tested positive for THC. He also found two large white rock substances in the waist area of the Defendant. The white rocks collectively weighed approximately 121 grams and field tested positive for cocaine base. Officer Godwin also recovered a functional measurement scale from the Defendant's left jacket pocket along with $103 in cash from his pocket. Finally, Officer Godwin searched the trunk of the Defendant's vehicle and found a duffel bag containing a coffee pot with white residue.

The police used the address from the Defendant's identification to locate his current residence. Upon arriving at the Defendant's residence, the officers found that the Defendant lived with his mother and sister. Defendant's mother directed the officers to the Defendant's room and gave the officers permission to search it. In that room, police found many items, including the following: (1) approximately ten small empty Ziplock bags on the Defendant's end table; (2) one razor blade; (3) a mirror with white residue which later tested positive for crack cocaine; (4) a duffel bag on the floor of the bedroom which contained a coffee pot with white residue and approximately twenty empty Ziplock bags; (5) a bullet proof vest; and (6) baking soda. Officer Godwin testified that, in his experience, the plastic bags, baking soda, and scale were all paraphernalia used in the sale or distribution of crack cocaine. He also stated that the amount recovered is likely used to distribute because self-consumption is usually indicated by much smaller amounts as well as an item to inject the drug.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of

conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, the court has found probable cause to believe that a defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that the defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(e).

In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention for the Defendant. The Defendant is charged with possession with intent to distribute cocaine, a serious drug-related charge carrying a prison sentence of ten years or more. Moreover, the quantity of cocaine that the Defendant possessed - 121 grams of crack cocaine- is substantial. Finally, the

presence of packaging, cutting, and weighing materials indicates that the Defendant was engaged in the preparation of narcotics for distribution.

The second factor, the weight of the evidence, favors detention for the Defendant. The narcotics were found on the Defendant's person and drug paraphernalia was found in a bedroom that was identified as belonging to the Defendant. Additionally, mail matter with the Defendant's name was located in the bedroom.

The third factor, the history and characteristics of the Defendant, favors detention as well. The Defendant was convicted of attempted possession of a prohibited weapon and was put on probation for two years. He violated his probation and was incarcerated for this violation.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Although the Defendant was not found in possession of a firearm, the large quantity of crack cocaine on the individual demonstrates that he poses a danger to the community. The rampant epidemic of drug-related shootings and murders reported daily by the news media demonstrate the extent drug trafficking wreaks havoc on our communities, no place more so than in the District of Columbia.

## Conclusion

Based upon consideration of the facts presented at the preliminary and detention hearings, and the factors set forth in § 3142(g), the Court concludes that Defendant has failed to overcome the presumption in favor of detention established by the Bail Reform Act. The Court thus finds by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. The government's motion for pretrial detention is

therefore granted.


Dated: February 25 , 2008                    /s/
                                            ALAN KAY
                                            UNITED STATES MAGISTRATE JUDGE